Peter CISZEWSKI and Marla Merante, Plaintiffs–Appellants,

v.

State of NEW YORK, Governor David A. Paterson,* and Nys Dot Commissioner Thomas J. Madison Jr., Defendants–Appellees.

No. 07–0421–cv.

United States Court of Appeals, Second Circuit.

May 22, 2008.

Joshua A. Sabo, Albany, NY, for Appellants.

Michael S. Buskus, Assistant Solicitor General, (Peter H. Schiff, Senior Counsel, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellees.

Present: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, and Hon. J. CLIFFORD WALLACE,** Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal from the January 10, 2007 judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*) that granted Defendants' motion for summary judgment and dismissed the complaint. *See Ciszewski v. State of New York,* no. 05–cv–0167, 2007 WL 121123 (N.D.N.Y. Jan.10, 2007).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Governor David A. Paterson has been substituted for former Governor Eliot Spitzer as a defendant in this case.

** The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

In their complaint, Plaintiffs primarily seek damages under 42 U.S.C. § 1983 for alleged procedural due process violations arising out of the State of New York's acquisition of real property by eminent domain for a bridge and road construction project. Plaintiffs have never challenged the "public use" justification for that taking. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

Plaintiffs argue that their due process rights were violated when the State failed to provide them with written notification of its determination that its proposed taking of Plaintiffs' property was exempt from the formal Notice and Hearing procedures otherwise required by Article 2 of the New York Eminent Domain Procedure Law ("EDPL"). *See* EDPL §§ 202–204, 206. However, the "exemption" decision under § 206(C) merely relates to the condemner's decision on when or whether to hold additional hearings—beyond those required for exemption under § 206's terms—prior to the public use determination under § 204. Here, well-publicized and well-attended public hearings that complied with § 206's requirements were held prior to the State's public use determination. The State's alleged failure to notify Plaintiffs that it would not conduct *additional* hearings has no due process implications—*especially* where, as here, Plaintiffs do not challenge the "public use" determination. *See generally Brody v. Village of Port Chester*, 434 F.3d 121 (2d Cir.2005). It is also worth noting that Plaintiffs bought the condemned land after the initial public hearings and with written notice that the land was being considered for condemnation.

Plaintiffs also argue that their due process rights were violated because the State failed to provide them with an opportunity for an adversarial proceeding after its public use determination and before it took the condemned land. However, a landowner has no due process right to prevent the acquisition of realty by eminent domain after a determination that such property is needed for a public use. *See Rosenthal & Rosenthal, Inc. v. N.Y. State Urban Dev. Corp.*, 771 F.2d 44, 45–46 (2d Cir.1985). Moreover, we hold the claim that Plaintiffs wish to assert in their requested proceeding—that the State failed to commence acquisition proceedings within the three-year period contemplated by EDPL § 401—to be without merit. The three-year time period began to run on December 19, 2002 when the Federal Highway Administration issued its designation of the parcel of land to be condemned, and not in 1999 when the State's draft environmental impact statement was completed. *See* EDPL § 401(A) (listing the triggering events for the three-year period). Thus, the State's acquisition of Plaintiffs' land was timely.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.